UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMING BEATS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>IMPROV PLAYHOUSE THEATER, INC.,<br><br>        Defendant. | Case No. 1:21-cv-04727-ARR-RER |

**MEMORANDUM IN SUPPORT OF DEFENDANT IMPROV PLAYHOUSE THEATER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Jay R. McDaniel, Esq. (Attorney I.D. No. 011481992)
**WEINER LAW GROUP LLP**
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438
Phone: (973) 403-1100   Fax: (973) 403-0010
*Attorneys for Defendant Improv Playhouse Theater, Inc*

Of Counsel and on the Brief:
Jay R. McDaniel, Esq. (Attorney I.D. No. 011481992)

On the Brief:
C. Ty Nguyen, Esq. (Attorney I.D. No.046252005)
2147474_1

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..............................................................................................................1

STATEMENT OF FACTS ................................................................................................2

LEGAL ARGUMENT.......................................................................................................3

    I.     General Scope of Personal Jurisdiction ..............................................................3

    II.    Plaintiff Cannot Satisfy the Elements of CPLR 302(a)(3)(ii)...................................5

         a.  Improv Playhouse Does Not Derive Substantial Revenue
            From Interstate or International Commerce..........................................................5

         b.  No Injury to New York.................................................................................6

         c.  Improv Playhouse could not have reasonably expected this
            Summer Camp Video Project to have consequences in New York.....................8

    III.   The Exercise of Personal Jurisdiction Would Not Comport With
        Federal Due Process and Traditional Notions of Fair Play and Justice...................8

CONCLUSION...................................................................................................................9

i

## TABLE OF AUTHORITIES

**Page**

**Cases**

Bonilla v. Nelson & Kennard, 2020 WL 5763774, at *2 (E.D.N.Y. Sept. 28, 2020),.................... 3

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528
    (1985)........................................................................................................................... 5, 10

Chirag v. MT Marida Marguerite Schiffahrts, 604 F. App'x. 16 (2d Cir. 2015) ........................... 4

Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81 (2d Cir. 2013)................................. 6

Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402
    N.E.2d 122 (1980)............................................................................................................ 7

Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc., No. 16-CV-442 (NRB), 2017 WL
    449913, at *5–7 (S.D.N.Y. Jan. 18, 2017)....................................................................... 8

Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) ................ 10

In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204 (2d Cir. 2003) ....................................... 4

Ingraham v. Carroll, 90 N.Y.2d 592, 598 (1997) ........................................................................ 6

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ...................................................... 5, 6

Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998) ...................................................... 4

LaMarca v. Pak–Mor Mfg. Co., 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304,
    735 N.E.2d 883 (2000)..................................................................................................... 5

Morningstar Films, LLC v. Nasso, 2021 WL 4076979, at *3 (E.D.N.Y. Aug. 15, 2021); ............ 6

Penguin Grp. (USA) Inc. v. Am. Buddha, 946 N.E.2d 159 (N.Y. 2011) ............................... 5, 8, 9

Troma Entm't, Inc., 729 F.3d 215  (2d Cir. 2013) ........................................................................ 8

**Statutes**

CPLR 302(a)(3)(ii).................................................................................................................. 4, 5

Fed. R. Civ. P. 12(b)(2).............................................................................................................. 1

**Rules**

N.J. Ct. R. 4:4-4 .......................................................................................................................... 4

## **INTRODUCTION**

Defendant Improve Playhouse Theatre, Inc (hereinafter "Improv Playhouse" or "Defendant") hereby requests that the Court dismiss the Complaint of plaintiff Charming Beats, LLC (hereinafter "Charming Beats" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(2).

The cases arises under the Copyright Act and plaintiff asserts jurisdiction based on New York's long-arm statute to assert personal jurisdiction and venue.  The infringement alleged, however, involves a documentary-style video created in 2013 by teenagers at a summer camp in Libertyville, Illinois and published to YouTube where it received 172 views over eight years.

The defendant, the operator of 55-seat theater in the Chicago suburb of Libertyville, Illinois, has not connection with New York and conducts no business in interstate commerce that would support any finding of personal jurisdiction under New York law.  The allegations on which personal jurisdiction is asserted – e.g., "an international company with offices in Brazil and Florida [that] generates substantially all of its revenue from interstate or international commerce"  -- are palpably false assertions.  (See Declaration of Jay R. McDaniel, Esq, Exhibit A, Complaint, ¶ 10).

On its face, this is a nuisance action brought under the Copyright Act to "troll" a settlement in a court that lacks personal jurisdiction.  The Complaint should be dismissed.

**STATEMENT OF FACTS**

Defendant Improv Playhouse was incorporated under the laws of the State of Illinois on November 18, 2014 and is in good standing. (See the Declaration of David Stuart ("Stuart Decl.") ¶3, see Ex. A). Its principal office is at 116 Lake Street, Libertyville, IL 60048. (Stuart Decl. ¶4). Improv Playhouse also has a small black box theater (seating capacity of 55 persons) and training space located at 735 N. Milwaukee Ave. in Libertyville. (Stuart Decl. ¶5). Improv Playhouse offers camps and other programs in spaces in Highland Park, Illinois and Round Lake Beach. (Stuart Decl. ¶6).

Improv Playhouse produces comedy performances, educational programs for young people, provides classes for children and adults, sponsors corporate team building events and, most relevant to this dispute, runs a summer camp on theater improvisation and filmmaking for children. (Stuart Decl. ¶7). Improv Playhouse does not generate revenue from out-of-state or out-of-country sources. A review of Improv Playhouse's accounting records reveals no transactions that could be construed as "interstate commerce". (Stuart Decl. ¶8). Improv Playhouse does not advertise to a single out-of-state or out-of-country address and it does not conduct any programs outside of Illinois. (Stuart Decl. ¶9 – 10, see Ex. D).

The work at issue in this case was created during summer camp offered in 2013 at the Film Camp ("Film Camp 2013") held at the 116 Lake Street location in Libertyville, IL. (Stuart Decl. ¶12). Three of the campers aged 15-17 used music from a recording published on YouTube.com as background sound for their summer project, which was a four minute and thirty second documentary-style clip on the summer camp itself ("Summer Camp Video Project"). (Stuart Decl. ¶13). All of the campers at Film Camp 2013 were residents of Libertyville or Vernon Hills, Illinois. (Stuart Decl. ¶14). The Summer Camp Video Project was published in 2013 to the

2

YouTube page (https://www.youtube.com/user/ImprovPlayhouse1) that is sponsored by Improv Playhouse. The YouTube page ("Improv Playhouse YouTube") is comprised almost entirely of short clips of student work. (Stuart Decl. ¶15, see Ex. F). Improv Playhouse YouTube is not monetized and is for educational purposes only. (Stuart Decl. ¶15).

Plaintiff alleges ownership of a copyright in the work "Soundscapes (Ambient)" that was used as background material as interstate advertising. This claim is incorrect and completely unfounded. As of the date of this writing, Improv Playhouse YouTube has 114 subscribers to the channel. (Stuart Decl. ¶16). The Summer Camp Video Project has 174 views – about 22 of which occurred after the video allegedly was discovered. The student video has been disabled on advice of counsel pending the dismissal of this Complaint. (Stuart Decl. ¶17-18). Improv Playhouse did not receive any notifications from YouTube about copyright when it uploaded the Summer Camp Video Project. (Stuart Decl. ¶26).

Improv Playhouse has never performed in New York, has no customers in New York, conducts no advertising in New York or directed at New York, and had no reason to believe that the Summer Camp Video Project or any of its student projects would ever reach a New York audience. (Stuart Decl. ¶27).

## LEGAL ARGUMENT

### I.    General Scope of Personal Jurisdiction

Plaintiff fails to sustain its burden of proof that this court has personal jurisdiction over the defendant, which in a copyright infringement action is coextensive with venue. 28 U.S.C. 1400(a). Plaintiff bears the burden to prove personal jurisdiction by specific non-conclusory allegations. See Bonilla v. Nelson & Kennard, 2020 WL 5763774, at *2 (E.D.N.Y. Sept. 28,

3

2020), reconsideration denied, 2021 WL 2400914 (E.D.N.Y. June 11, 2021) (citing In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003)) (Plaintiff bears burden of proof on personal jurisdiction by specific non-conclusory allegations); Chirag v. MT Marida Marguerite Schiffahrts, 604 F. App'x. 16, 19 (2d Cir. 2015) (summary order) (citing Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998)) (non-conclusory allegations required to meet burden of proof.)

The defendant must fall within the reach of the state's long-arm statute, and the exercise of personal jurisdiction over the defendant must comport with Constitutional due process. Fed. R. Civ. P. 4(e).   Charming Beats relies on CPLR § 302 (a)(3)(ii), which authorizes the exercise of jurisdiction over non-resident defendants, when the nondomiciliary:

> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he ...
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

There are five (5) elements that a plaintiff relying on CPLR 302(a)(3)(ii) must show to gain personal jurisdiction over an out-of-state defendant:

> (1) the defendant committed a tortious act outside New York;
> (2) the cause of action arose from that act;
> (3) the tortious act caused an injury to a person or property in New York;
> (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and
> (5) the defendant derived substantial revenue from interstate or international commerce
>
> Penguin Grp. (USA) Inc. v. Am. Buddha, 946 N.E.2d 159, 162 (N.Y. 2011)(citing LaMarca v. Pak–Mor Mfg. Co., 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 [2000]).

4

Furthermore, if the Court finds each of these elements are met, it must then assess whether a finding of personal jurisdiction satisfies federal due process. Id.  Personal jurisdiction over party with no connection to the jurisdiction may exist as "specific" jurisdiction that arises from actions that take place in or are purposefully directed to the forum and creates a substantial connection with the forum state.  The actions must be such that it is reasonable to expect to be sued in that state. Burger King Corp. v. Rudzewicz , 471 U.S. 462, 474-75 (1985) (citations omitted).  The assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310 (1945).

A Court may elect to determine personal jurisdiction through evidentiary hearing and affidavits.  Morningstar Films, LLC v. Nasso, 2021 WL 4076979, at *3 (E.D.N.Y. Aug. 15, 2021); Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013). Morningstar Films, LLC., at *3. (citing A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79–80 (2d Cir. 1993)(Emphasis added).  Plaintiff is entitled to a favorable construction of the allegations.

## II.     Plaintiff Cannot Satisfy The Elements Of CPLR 302(a)(3)(ii)

Charming Beats, fails to satisfy its burden of proof on the third, fourth, or fifth elements of CPLR 302(a)(3)(ii).  The conclusory and false allegations that Improv Playhouse generated most of its revenue in interstate commerce and operated in Florida and Brazil is shockingly off-base.  Likewise, the Complaint is devoid of any well-pleaded allegation that plaintiff suffered actual injury in New York or that Improv Playhouse expected or should reasonably have expected the act to have consequences in New York

### a.  Improv Playhouse Does Not Derive Substantial Revenue From Interstate or International Commerce

As a 55-seat theater and summer camp with no out-of-state revenue or patrons does not generate any, much less substantial, revenue in interstate commerce.  Plaintiff thus fails to satisfy

this "indispensable element" under New York's long-arm statute and the Court need go no further. Ingraham v. Carroll, 90 N.Y.2d 592, 598 (1997), The statute mandates **"a showing that defendant 'was engaged in extensive business activities on an interstate or international level.' "** Id. at 599 (citations omitted). According to the Court, this provision was enacted to ensure that only a defendant " 'economically big enough' to defend a suit in New York" would be subject to its jurisdiction.

Plaintiff's two fundamental allegations of interstate commerce are conclusions without any well-pleaded factual basis.[1] Defendant operates strictly in northern Illinois primarily at its principal office at Lake Street in Libertyville or at its 55 seat small black box theater on Milwaukee Ave in Libertyville, and its revenue comes from Illinois and most particularly from the 15 mile radius of Libertyville.[2] For this reason alone there is no personal jurisdiction in New York.

### b. **No Injury to New York**

Not every case of copyright infringement involving a New York resident creates actual injury in New York, and certainly not the use of a soundtrack without permission in a summer camp film project. It is well-settled that injury does not inevitably follow from the fact that the defendant lives in New York. Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). Copyright Infringement involving digital piracy transmitted on the Internet has been recognized as a narrow exception in some, but not all, cases. See, e.g., Troma Entm't, Inc., 729 F.3d 215 at 219–20 (2d Cir. 2013); Freeplay Music, LLC v.

---

[1] "Defendant is an international company with offices in Brazil and Florida and generates substantially all of its revenue from interstate or international commerce". Compl. ¶ 10

[2] As a result of pandemic restrictions, Improve offered classes online in the Fall of 2021. The students were, however, local Illinois residents.

Dave Arbogast Buick-GMC, Inc., No. 16-CV-442 (NRB), 2017 WL 449913, at *5–7 (S.D.N.Y. Jan. 18, 2017).

The Freeplay case is very similar to the case at bar. Plaintiff Freeplay had its principal place of business in New York and held copyrights to numerous songs and sound recordings, which it licensed for a fee when used for commercial purposes. Freeplay, at 1. Defendant Arbogast was a car dealership with its principal place of business in the State of Ohio that advertised its business and provided financing nationwide, including in New York. Arbogast posted 279 videos to YouTube and other Internet sites using 23 different songs or sounds copyrighted by Freeplay without a license or permission.

Plaintiff argued that under the decision in Penguin Grp. (USA) Inc. 16 N.Y.3d. at 295 (2011), which held, in a case involving the uploading and distribution of four copyrighted books on the internet for distribution to defendant's 50,000 customers, the situs of the injury was the copyright holder's residence or principal place of business. Id. at 302-305, 946 N.E.2d at 161-64. The Freeplay decision noted that the Second Circuit in Troma rejected a *per se* rule of personal jurisdiction and held that the situs of plaintiff's injury was Ohio.

The complaint, the court noted, was "surprisingly silent on the nature of the injury suffered. and there was no injury to New York. Freeplay at *4. Other than the loss of licensing fees to a single potential licensee, the plaintiff failed to articulate any other damages (unlike the plaintiff in the Penguin Group litigation, Id. at *5. Such allegations did not satisfy the injury in New York element of the long-arm statute.

In the same manner, plaintiff fails to allege facts that would bring this action within the "digital piracy" exception, in which the "primary aim" of the infringer was to upload the copyrighted material so that others could download pirated copies for free. Penguin, 16 N.Y.3d at

7

306. <u>Penguin</u> suffered an injury anytime a third party downloaded the copyrighted books, and that injury could occur anywhere in the world, including in New York. Not so in this action.

### c. **Improv Playhouse could not have reasonably expected this Summer Camp Video Project to have consequences in New York.**

Improv Playhouse is a small local business in Libertyville, Illinois (population 20,000) that runs a summer camp for student filmmakers.  The offending video was created by student counselors and student campers in the bona fide belief that the music they used was permitted. The work garnered 172 views since 2013 on a YouTube channel with 114 subscribers.  Improve Playhouse draws its audience and campers from a 15-mile radius and generates no revenue in interstate commerce.  It knew nothing of the plaintiff and could not reasonably expected that a student use of background music would cause injury in New York.

### III.   **The Exercise of Personal Jurisdiction Would Not Comport With Federal Due Process and Traditional Notions of Fair Play and Justice.**

For all the reasons discussed above, defendant has never purposely availed itself of the privilege of conducting business in New York and could not reasonably expect to be sued there. The exercise of personal jurisdiction in this case does not comport with traditional notions of fair play and justice.  See <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

{Signature page to follow}

8

## CONCLUSION

Based on the foregoing, the defendant respectfully request that the Court dismiss the Complaint in its entirety.

Respectfully submitted,

**WEINER LAW GROUP LLP**

By: _s/ Jay R. McDaniel_

Jay R. McDaniel, Esq
A Member of the Firm
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438
973-403-1100
jmcdaniel@weiner.law
_Attorneys for Defendant_
_Improv Playhouse Theater, Inc_

Dated: October 12, 2021