Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHARMING BEATS LLC,                          Case No.: 21-cv-4727

                              Plaintiff,     **ECF CASE**

              v.                             **AMENDED COMPLAINT AND JURY
                                             DEMAND FOR DAMAGES FOR
                                             COPYRIGHT INFRINGEMENT**

IMPROV PLAYHOUSE THEATER INC.,

                              Defendant.
----------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this

Amended Complaint and Jury Demand against defendant IMPROV PLAYHOUSE THEATER

INC. for damages based on copyright infringement and related claims pursuant to the Copyright

Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and

violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA").

Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as

to other matters so indicated.

**JURISDICTION AND VENUE**

1.     This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.      CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: . . . (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3.      At bar, defendant is nondomiciliary headquartered in Libertyville, IL

4.      Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recording "Starscapes (Ambient)" – U.S. Copyright Registration No. SR 708-541 (the "Copyrighted Track"); this is a tort committed outside the state.

5.      Defendant was put on notice of its infringing activity multiple times, but elected to continue to infringe after each notice.

6.      In fact, the infringing advertisement at issue was still active on defendant's YouTube page after the Complaint in this matter was filed and served.

7.      Plaintiff was injured in New York State in multiple way.  Plaintiff lost the licensing revenue, owed to plaintiff in this State.  The Copyrighted Track was devalued by its association with defendant as described below.  Plaintiff's ability to license the Copyrighted Track, from New York State, has been impaired by defendant.

8.      Defendant was put on notice by plaintiff, and plaintiff's counsel, multiple times that its infringing activity was having consequences in this state.

9.      Defendant elected to continue to infringe, knowing its actions would have consequences in this state.

2

10. The Infringing Advertisement is still active on YouTube as of the date of this Amended Complaint.

11. The Infringing Advertisement was available to the public well-after the Complaint in this matter was served on defendant.

12. The Copyrighted Track at issue here was used by defendant to promote its services, and overall company.

13. Defendant has performed in New York City. See **Exhibit 4**.

14. Defendant admits it is on the Wisconsin border. See **Exhibit 5**.

15. Defendant runs a camp in Kenosha, Wisconsin. See <https://www.campnavigator.com/summer-camp/improv_playhouse_performing_arts_camps_3882.html>; **Exhibit 6**.

16. Defendant advertises in Wisconsin that entertainers from Wisconsin that perform at their facility. **Exhibit 7**.

17. Defendant routinely has paid participants in the playhouse from Wisconsin, and attendees at its performances from Wisconsin. See, E.g., <https://www.shawlocal.com/2019/04/04/improv-playhouse-theater-presents-the-gathering/axua79o/> **Exhibit 8**.

18. Defendant advertises in Wisconsin, see <https://www.eventbrite.com/d/wi--milwaukee/improv-class/>, including the Wisconsin classifieds.

19. Defendant advertises the fact that its participants have worked in commercials in Wisconsin. See Press Release <http://www.triblocal.com/libertyville/community/stories/2010/10/5-improv-playhouse-young-actors-in-tv-series/index.html>; **Exhibit 9**.

20. Defendant appears with groups from Wisconsin as part of its marketing plan. See **Exhibit 10**.

21. Defendant offers on-line classes to individuals who do not reside in Illinois.

22. Defendant straddles two states, Illinois and Wisconsin, and derives significant revenue from interstate commerce.

23. Jurisdiction is conferred to this Court over defendant pursuant to CPLR §§ 302(3)(ii).

## VENUE

24. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing  to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

25. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

26. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

4

**PARTIES**

27.     Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

28.     Upon information and belief, defendant IMPROV PLAYHOUSE THEATER INC. ("IMPROV") is a corporation organized under the law of the State of Illinois with a primary headquarters located at 735 N. Milwaukee Avenue, Libertyville, IL

**FACTS**

29.     Plaintiff is the sole owner by assignment of an original musical composition and recording titled *"Starscapes (Ambient)"* – U.S. Copyright Registration No. SR 708-541. See **Exhibit 1.**

30.     Defendant runs a theatre as well as a camp in Wisconsin, and offers classes both on-line and in person.

31.     Defendant caused to be produced a video advertisement titled "Film Camp 2013 Documentary" (the "Infringing Advertisement").

32.     The Infringing Advertisement was posted to defendant's YouTube page as an advertisement for its "Fall Camp".  The Infringing Advertisement contains interviews of the staff, and details what the campers will learn during their attendance.

33.     Without a license or authority, defendant copied the Copyrighted Track and then synchronized it to the Infringing Advertisement.

34.     Defendant then distributed the Infringing Advertisement to YouTube where it was, publicly displayed on defendant's YouTube Page. See <https://www.youtube.com/watch?v=obsZtOund9c>.

5

35. The Infringing Advertisement is still active on YouTube as of the date of this Amended Complaint.

36. At no time did the defendant have the right to use the Copyrighted Track in any manner.

37. Defendant was informed by YouTube that the musical content in the Infringing Advertisement belonged to plaintiff.

38. Defendant elected to ignore the YouTube notice.

39. Until in or around April 2020, plaintiff conducted dozens searches of YouTube each year, the Infringing Advertisement did not appear in any of the searches.

40. Plaintiff hired a third-party search firm to assist in its search for individuals and entities that exploit plaintiff's copyrighted recordings and compositions without a license.

41. On or about June 23, 2021, plaintiff received notice from the third-party search firm of the existence of the Infringing Advertisement.

42. Plaintiff notified defendant of the infringement, by email, on the same day it discovered the infringement. See **Exhibit 2**.

43. Defendant did not respond and continued to infringe.

44. On or about July 4, 2021, plaintiff's counsel served a cease-and-desist on defendant demanding it disable the Infringing Advertisement. See **Exhibit 3**.

45. YouTube placed a notice under the Infringing Advertisement that it contained plaintiff's Copyrighted Track.

46. At no time did the defendant produce a license, nor did it cease-and-desist.

47. Defendant's failure to comply with the separate notices from YouTube, plaintiff, and plaintiff's counsel evidences defendant's intent to infringe.

48. Defendant knew it was infringing plaintiff's exclusive rights when it synchronized the Copyrighted Track to the Infringing Advertisement.  Defendant knew it was infringing plaintiff's exclusive rights when it uploaded the Infringing Advertisement to YouTube.

49. Well after the Complaint in this matter was served on defendant, the Infringing Advertisement was still available to the public.

50. As of the date of this Complaint, the Infringing Advertisement is still active on defendant's YouTube page.

51. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and its knowledge of the infringement and failure to comply with multiple notices satisfies the "reckless disregard" standard for enhanced damages set forth in Section 504(c) of the Act.

52. Defendant's acts demonstrate the callous disregard the defendant has to its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

## ADDITIONAL DAMAGE TO PLAINTIFF

53. Defendant provides religious based programs. See **Exhibit 4.**

54. Plaintiff has licensed the Copyrighted Track to companies like Dive Soap, DC Shoes, and for use in the Spiderman PS4 video-game.

55. Plaintiff does not, under any circumstances, license its tracks to any entity with religious affiliation because it devalues the broad-based appeal of the track.

56. Had the defendant sought a license, it would have been rejected. The forced association of the Copyrighted Track with defendant has damaged the ability to license the Copyrighted Track in an amount to be determined at trial.

**DMCA VIOLATIONS**

57.    Defendant did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendant's use of the Copyrighted Track.  Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner (the "Copyright Management Information").

58.    Defendant refused to provide the correct Copyright Management Information even after it was served with multiple notices, and the Complaint in this action.

59.    Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

60.    Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

61.    It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

62.    Defendant without authority from plaintiff, reproduced, publicly displayed, and/or synchronized plaintiff's Copyrighted Track in its entirety to the Infringing Advertisement.

63.    Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

64.    Defendant refused to cease and desist after multiple demands from plaintiff directly, and through plaintiff's counsel.

65. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

66. Defendant's use was not transformative.

67. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the track, without a license.

68. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

69. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

70. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

71. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

72. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

9

73.    A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

74.    Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track.  This high-resolution version cannot be obtained without copyright management information being included.

75.    Defendant removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track.

76.    Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

77.    Defendant continued to publicly display the Infringing Advertisement with no attribution after YouTube, plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Track.

78.    Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

79.    Defendant did the forgoing with the intent to conceal the infringement.

80.    Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1.  restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.  compensatory damages in an amount to be ascertained at trial;

3.  statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.  an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.  reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.  pre- and post-judgment interest to the extent allowable; and,

7.  such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 18, 2021          **GARBARINI FITZGERALD P.C.**
       New York, New York

By: _Richard M. Garbarini_
    Richard M. Garbarini (RG 5496)

11