# WEINER LAW GROUP LLP

JAY R. McDANIEL  
Member of the Firm

jmcdaniel@weiner.law  
Direct Line (973) 602-3915

October 27, 2021

**VIA ECF**
Judge Allyne R. Ross U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: Charming Beats v. Improv Playhouse Theater
      1:21-cv-04727-ARR-RER
      Our File No.: 24099

Dear Judge Ross:

  This office represents the Defendant, Improv Playhouse Theater, in the above referenced matter. Pursuant to Your Honor's individual practices and rules, this letter requests a 12(b) pre-motion conference and briefing schedule. The Plaintiff filed and served an Amended Complaint on October 18, 2021. Defendants' Answer is due by November 8, 2021. We submit this request in lieu of an Answer.

  Defendant Improve Playhouse Theatre, Inc (hereinafter "Improv Playhouse" or "Defendant") will move to dismiss the Amended Complaint of plaintiff Charming Beats, LLC (hereinafter "Charming Beats" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

  This case arises under the Copyright Act and Plaintiff asserts jurisdiction and venue based on New York's long-arm statute. The infringement alleged, however, involves a documentary-style 4-minute and 30-second video created in 2013 by teenagers at a summer camp in Libertyville, Illinois and published to YouTube where it received 172 views over eight years.

  The Defendant operates a 55-seat theater in the Chicago suburb of Libertyville, Illinois and summer camps in the immediate area. It has no connection with New York and conducts no significant business in interstate commerce. The allegations on which personal jurisdiction is asserted – e.g., "Defendant has performed in New York; Defendant runs a camp in Kenosha,

Judge Allyne R. Ross U.S.D.J                                                                                  October 27, 2021
Re: Charming Beats v. Improv Playhouse Theater                                          Page 2

Wisconsin; Defendant derives significant revenue from interstate commerce, etc." -- are conclusory and palpably false assertions[1].

Improv Playhouse was incorporated under the laws of the State of Illinois. Its principal office is at 116 Lake Street, Libertyville, IL and also has a small black box theater (seating capacity of 55 persons) and training space in the same town. Improv Playhouse produces comedy performances, educational programs for young people, provides classes for children and adults, sponsors corporate team building events and, most relevant to this dispute, runs a summer camp on theater improvisation and filmmaking for children. Improv Playhouse does not generate revenue from out-of-state or out-of-country sources. A review of Improv Playhouse's accounting records reveals no transactions that could be construed as "interstate commerce". Improv Playhouse does not advertise to a single out-of-state or out-of-country address and it does not conduct any programs outside of Illinois.

The work at issue in this case was created during summer camp offered in 2013 at the Film Camp ("Film Camp 2013") held at the 116 Lake Street location in Libertyville, IL. Three of the campers aged 15-17 used music from a recording published on YouTube.com as background sound for their summer project, which was a four minute and thirty second documentary-style clip on the summer camp itself ("Summer Camp Video Project"). All of the campers at Film Camp 2013 were residents of Libertyville or Vernon Hills, Illinois. The YouTube page ("Improv Playhouse YouTube") is comprised almost entirely of short clips of student work. Improv Playhouse YouTube is not monetized and is for educational purposes only.

Plaintiff alleges ownership of a copyright in the work "Soundscapes (Ambient)" that was used as background material as purported interstate advertising. This claim is incorrect and completely unfounded. As of the date of this writing, Improv Playhouse YouTube has 114 subscribers to the channel. The Summer Camp Video Project has a total of 174 views – about 22 of which occurred after the video allegedly was discovered and presumably from Plaintiffs and Defendants themselves. The student video has been disabled. Improv Playhouse has never performed in New York, has no customers in New York, conducts no advertising in New York or directed at New York. There was no reason to believe that the Summer Camp Video Project, or any of its student projects, would ever reach a New York audience.

Plaintiff bases personal jurisdiction on New York's long-arm statute, CPLR § 302 (a)(3)(ii), which authorizes the exercise of jurisdiction over non-resident defendants, when the nondomiciliary:

---

[1] Plaintiff's original Complaint served on Sept. 21, 2021 claimed that Improv Playhouse was an "international company with offices in Brazil and Florida [that] generates substantially all of its revenue from interstate or international commerce" -- which it has since omitted from its Amended Compliant following Defendant's original motion papers prematurely submitted to the Court detailing how absurd, embarrassing, and completely false that allegation was.

Judge Allyne R. Ross U.S.D.J                                                            October 27, 2021
Re: Charming Beats v. Improv Playhouse Theater                          Page 3

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he ...

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

There are five (5) elements that a plaintiff relying on CPLR 302(a)(3)(ii) must show to gain personal jurisdiction over an out-of-state defendant:

(1) the defendant committed a tortious act outside New York;
(2) the cause of action arose from that act;
(3) the tortious act caused an injury to a person or property in New York;
(4) the defendant expected or should reasonably have expected the act to have consequences in New York; and
(5) the defendant derived substantial revenue from interstate or international commerce

<u>Penguin Grp. (USA) Inc. v. Am. Buddha</u>, 946 N.E.2d 159, 162 (N.Y. 2011)(citing <u>LaMarca v. Pak–Mor Mfg. Co.</u>, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 [2000]).

Charming Beats' claims fail on the third, fourth, or fifth elements of CPLR 302(a)(3)(ii). The conclusory and false allegations that Improv Playhouse generated most of its revenue in interstate commerce and performed in New York City will not provide any basis for jurisdiction. Likewise, the lack of any well-pleaded allegation that plaintiff suffered actual injury in New York or that Improv Playhouse expected or should reasonably have expected the act to have consequences in New York is fatal to any claim of jurisdiction.

New York's long-arm statute requires "a showing that defendant 'was engaged in extensive business activities on an interstate or international level.' " This ensures that only a defendant " 'economically big enough' to defend a suit in New York" would be subject to its jurisdiction. <u>Ingraham v. Carroll,</u> 90 N.Y.2d 592, 598-99 (1997).

On its face, this is a nuisance action brought under the Copyright Act to "troll" a settlement in a court that lacks personal jurisdiction. The Complaint should be dismissed.

                                                Respectfully submitted,
                                                WEINER LAW GROUP LLP

                                 By:_____
                                                Jay R. McDaniel
                                                A Member of the Firm