**GARBARINI FITZGERALD P.C.**
250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

November 4, 2021

VIA ECF

Honorable Allyne R. Ross
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Charming Beats LLC v. Improv Playhouse Theatre Inc*., 21-cv-04727 (ARR)(RER)
            Response to Defendant's Request for a Pre-Motion Conference

Your Honor:

      I represent the plaintiff in the above-referenced matter and write in response to defendant's request for a pre-motion conference on defendant's proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). (Dkt. No. 13). Defendant's pre-motion letter offers zero analysis on which defendant will base its jurisdictional challenge. Defendant has not raised any due process challenge, instead, it confines its challenge to a conclusory statement that plaintiff has not adequately supported the "third, fourth, or fifth elements of CPLR 302(a)(3)(ii)".

**STANDARD**

      Plaintiff has claimed this Court may properly exercise jurisdiction over defendant pursuant to CPLR § 302(a)(3)(ii) which vests a court with jurisdiction over a non-domiciliary party provided the party: (1) committed a tortious act without the state, (2) causing injury to plaintiff within the state, (3) expects or should reasonably expect the act to have consequences in the state, and (4) derives substantial revenue from interstate or international commerce. See CPLR § 302(a)(3)(ii).

      Defendant has conceded the first element of the above test.

**SECOND ELEMENT – CAUSING AN INJURY IN THE STATE**

Plaintiff was injured in this state.  Again, defendant's bare-bones pre-motion letter offers no legal or factual or analysis of this element for the plaintiff to oppose.

Plaintiff has pled a specific and distinct injury to plaintiff here in New York.

- The Copyrighted Track was devalued by its association with defendant as described below. Plaintiff's ability to license the Copyrighted Track, from New York State, has been impaired by defendant. Am. Compl. at ¶ 7.
- Defendant provides religious based programs. Am. Compl. at ¶ 53; Ex. 4.
- Plaintiff has licensed the Copyrighted Track to companies like Dive Soap, DC Shoes, and for use in the Spiderman PS4 video-game. Am. Compl. at ¶ 54.
- Plaintiff does not, under any circumstances, license its tracks to any entity with religious affiliation because it devalues the broad-based appeal of the track. Am. Compl. at ¶ 55.
- Had the defendant sought a license, it would have been rejected. Am. Compl. at ¶ 56.

The above satisfies the standard for a specific, particularized injury to a specific right under 17 U.S.C. § 106 set forth in *Troma Entm't, Inc. v. Centennial Pictures Inc*., 729 F.3d 215, 220 (2d. Cir. 2013).

**THIRD ELEMENT - EXPECTS OR REASONABLY EXPECTS INJURY IN N.Y.**

Defendant offers no legal or factual analysis on this element.  Defendant was informed, by plaintiff, that: (i) plaintiff resides in New York, and (ii) defendant's infringing conduct was having consequences in New York. See Am. Compl. at ¶¶ 5-11, 42-45; Exs. 2-3.  Defendant elected to continue the unlicensed public display of plaintiff's copyrighted recording and composition after each notice. Id.  Plaintiff has adequately pled this element, supported by admissible evidence.

**FOURTH ELEMENT – SUBSTANTIAL REVENUE FROM INTERSTATE COMMERCE**

Defendant has failed to address any of the substantial allegations in the Amended Complaint that specifically address this element.  Even if ". . .plaintiffs' complaint includes no specific allegations regarding [defendant's] revenues, 'dismissal for lack of personal jurisdiction is inappropriate under 302(a) (3) (ii), even where there is no proof that a defendant derives substantial revenue from interstate or international commerce, where that knowledge is peculiarly under the control of [the defendant], and may come to light in the course of [s]ubsequent discovery.'" *Related Cos., L.P. v. Ruthling*, 2017 U.S. Dist. LEXIS 207857, 2017

WL 6507759 (S.D.N.Y. 2017)(quoting *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468 (S.D.N.Y. 2008)).

The determination as to whether interstate commerce is "substantial" is based on either absolute or relative numbers, requiring an assessment of either the percentage of total revenue that is derived from interstate commerce or the absolute amount of interstate commerce revenue. See *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 316 (S.D.N.Y. 1986).

At bar, plaintiff has alleged:

- Defendant has performed in New York City. Am. Compl. at ¶ 13; Ex. 4.
- Defendant admits it is on the Wisconsin border. Am. Compl. at ¶ 14; Ex. 5.
- Defendant runs a camp in Kenosha, Wisconsin. Am. Compl. at ¶ 15; Ex. 6.
- Defendant advertises in Wisconsin that entertainers from Wisconsin that perform at their facility. Am. Compl. at ¶ 16; Ex. 7.
- Defendant routinely has paid participants in the playhouse from Wisconsin, and attendees at its performances from Wisconsin. Am. Compl. at ¶ 17; Ex. 8.
- Defendant advertises in Wisconsin, including the Wisconsin classifieds. Am. Compl. at ¶ 18.
- Defendant advertises the fact that its participants have worked in commercials in Wisconsin. Am. Compl. at ¶ 19; Ex. 9.
- Defendant appears with groups from Wisconsin as part of its marketing plan. Am. Compl. at ¶ 20; Ex 10.
- Defendant offers on-line classes to individuals who do not reside in Illinois. Am. Compl. at ¶ 21.
- Defendant straddles two states, Illinois and Wisconsin, and derives significant revenue from interstate commerce. Am. Compl. at ¶ 22.

Without question, defendant derives substantial revenue from interstate commerce. Defendant has elected to continue its unlicensed exploitation of plaintiff's copyrighted track without a license, and then has the audacity to accuse plaintiff of being a "troll" for appropriately defending itself from the intentional infringement of its rights by defendant. Defendant has failed to put forth any factual or legal argument on jurisdiction to rebut the well-pled Amended Complaint.

                                                        GARBARINI FITZGERALD P.C.

                                                        By: /s/ Richard M. Garbarini

                                                              Richard M. Garbarini